STATE OF CONNECTICUT *v.* THURLOW CAREY
(8556)

DALY, O'CONNELL and LANDAU, Js.

Submitted on briefs October 6, 1992—decision released February 16, 1993

*John M. Hudock,* certified legal intern, and *Todd D. Fernow* filed a brief for the appellant (defendant).

*Timothy J. Sugrue,* assistant state's attorney, *John M. Bailey,* state's attorney, and *Pedro Segarra,* former deputy assistant state's attorney, filed a brief for the appellee (state).

O'CONNELL, J. This matter is now before us on remand from the Supreme Court. We previously considered it in *State* v. *Carey,* 25 Conn. App. 421, 594 A.2d 1011 (1991), in which we did not reach the merits of the appeal but remanded it to the trial court for dismissal of the probation revocation proceedings on jurisdictional grounds. The Supreme Court granted certification, reversed our judgment and remanded the case to this court for consideration of the merits of the defendant's appellate claims. *State* v. *Carey,* 222 Conn. 299, 610 A.2d 1147 (1992).

This is the defendant's appeal from the revocation of his probation. He claims that the evidence presented at his revocation hearing (1) was insufficient as a matter of law, (2) violated his constitutional right to due process of law and (3) violated his right to cross-examine witnesses. We reverse the judgment of the trial court.

The following facts are necessary to resolve this appeal. On June 13, 1988, the defendant pleaded guilty to assault in the third degree in violation of General

Statutes § 53a-61. He received a suspended sentence and was placed on probation for one year. His probation was subject to a special condition that he have no contact with the victim of the assault. During the probationary period, the defendant was arrested twice for allegedly assaulting the victim. Following the first arrest, the defendant's probation officer, Sharon Rome, filed a motion for revocation of probation that cited as the reasons a new conviction and a violation of the special condition that the defendant have no contact with the victim.[1] Following the second arrest, Rome filed a substitute motion, citing as the reason the defendant's "subsequent arrests."

At the commencement of the revocation hearing, the defendant requested, "in the nature of an oral bill of particulars,"[2] that he be informed of the specific manner in which he violated his probation. The state's attorney responded orally that the ground for revocation was the violation of the "specific conditions of probation . . . that he keep away from the [victim]. The subsequent arrests, all three of them, were specific arrests that have to do with the victim and the person . . . whom he was ordered to stay away from and not have any contact." Prior to closing arguments, the state again claimed that it "has sought violation of probation based on the special condition of probation that [the defendant] have no contact with the victim in this case."

Rome was the only witness who testified at the hearing. Through Rome, the state introduced two police incident reports relating to the defendant's arrests. Defense counsel repeatedly objected to the admission of the reports on the basis that they were hearsay. Although Rome testified that she had not personally

---

[1] There does not appear to have been a new conviction.

[2] We know of no authority for an oral bill of particulars under these circumstances. See Practice Book §§ 812, 830 through 833.

observed the defendant's conduct, she narrated the allegations set forth in the reports. She explained that the bases for initiating the revocation proceeding were the police reports and a telephone conversation with the victim, whom she had never met. The court sustained the defendant's hearsay objection to the telephone call and, therefore, did not permit Rome to testify concerning the contents of her conversation with the victim.

No further evidence was offered by either party. The court found that the defendant had violated his probation and reinstated the original sentence. As expressed in its memorandum of decision, the court appeared to have found that the defendant violated not only the no contact provision, but also the provision that he not violate any criminal law of the United States, notwithstanding that he was not charged with the latter as a probation violation. Because a defendant cannot be found in violation of probation on grounds other than those with which he is charged, we will disregard the second finding.

In his first claim, the defendant contends that the evidence produced at the hearing was insufficient as a matter of law because it consisted entirely of unsupported and unreliable hearsay evidence. We agree that the evidence was insufficient to establish a probation violation.

A subsequent arrest, by itself, is not a sufficient basis on which to find a violation of probation. Although there need not be proof of unlawful conduct sufficient to sustain a criminal conviction; *Roberson* v. *Connecticut,* 501 F.2d 305, 308 (2d Cir. 1974); there must be proof that the "defendant's conduct constituted an act sufficient to support a revocation of probation . . . ." *State* v. *Smith,* 18 Conn. App. 368, 370 n.1, 558 A.2d 257 (1989); *Payne* v. *Robinson,* 10 Conn. App. 395, 402–403, 523

A.2d 917 (1987), aff'd, 207 Conn. 565, 541 A.2d 504, cert. denied, 488 U.S. 898, 109 S. Ct. 242, 102 L. Ed. 2d 230 (1988).

In the present case, because the revocation was not based on a subsequent conviction, the issue is whether the state presented sufficient evidence to show that the defendant's conduct, leading to the arrests, constituted an act sufficient to support the revocation. The standard of proof to be applied by the trial court in deciding whether a probationer has violated a condition of probation is the reasonable satisfaction standard, wherein the trial court must have a rational belief that the "evidence is adequate or sufficient to prove a violation." *State* v. *Davis,* 29 Conn. App. 801, 811, 618 A.2d 557 (1993). "[O]ur review is limited to reviewing whether such a finding was clearly erroneous." Id., 805.

A probation revocation hearing is not a stage of a criminal prosecution; *Gagnon* v. *Scarpelli,* 411 U.S. 778, 782, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973); *State* v. *Wright,* 24 Conn. App. 575, 580, 590 A.2d 486 (1991); but is a discrete statutory procedure to which many of the substantive and procedural rules of criminal law do not apply. *Payne* v. *Robinson,* supra, 207 Conn. 571.

General Statutes § 53a-32 (b) provides in pertinent part: "No such revocation [of probation] shall be ordered, except upon consideration of the whole record and unless [a] violation is established by reliable and probative evidence." The only evidence offered by the state, over the defendant's repeated hearsay objections, was the two police reports. These reports were admitted through the probation officer who had no independent knowledge of the material contained therein. She knew only that they were police reports pertaining to the defendant.

These reports were undisputably hearsay. In its brief, the state argues that the police reports qualified as busi-

ness records under General Statutes § 52-180[3] and were therefore admissible. This contention is invalid for two reasons. First, the reports were not offered or admitted as business records. An appellant is entitled to review of claims on appeal only on the basis that that evidence was admitted in the trial court. See *State* v. *Braman,* 191 Conn. 670, 684–85, 469 A.2d 760 (1983). Second, the necessary foundation for admission was not provided. The state offered no testimony that (1) the police reports were made in the regular course of police business, (2) it was the regular course of police business to make the reports and (3) the reports were made at the time of the arrest or within a reasonable time thereafter. See *Bell Food Services, Inc.* v. *Sherbacow,* 217 Conn. 476, 485, 586 A.2d 1157 (1991). The probation officer did not, and in all probability could not, testify to these requirements. The reports, therefore, are hearsay and do not qualify for admission as evidence under any established exception to the hearsay rule.

The state relies on *State* v. *White,* 169 Conn. 223, 239–40, 363 A.2d 143, cert. denied, 423 U.S. 1025, 96 S. Ct. 469, 46 L. Ed. 2d 399 (1975), for the proposition that hearsay evidence is admissible in probation violation proceedings. The *White* court recognized that "General Statutes § 53a-32 apparently contemplates use of hearsay testimony . . . so long as it is not unsupported and is reliable, *as the evidence was here.*" (Emphasis added.) Id. The final five words of this quotation, however, are significant and were

[3] General Statutes § 52-180 (a) provides: "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible as evidence of the act, transaction, occurrence or event, if the trial judge finds that it was made in the regular course of any business, and that it was the regular course of the business to make the writing or record at the time of the act, transaction, occurrence or event or within a reasonable time thereafter."

omitted in the state's quotation from the *White* decision. It is those words that distinguish *White* from the present case.

The statement in *White* was dicta because the issue before that court was the admissibility of hearsay evidence at a preliminary probable cause hearing held within the probation department.[4] The *White* court dicta, however, implied that its conclusions for the preliminary hearing would apply to the final hearing held in court. *White* is the only Connecticut case discussing preliminary probation violation hearings. We have since determined that such preliminary hearings are not required under our law. *State* v. *Baxter,* 19 Conn. App. 304, 317–19, 563 A.2d 721 (1989). By judicial gloss, however, the *White* statement has become the Connecticut law on hearsay admissibility in probation revocation hearings held in court. See *Payne* v. *Robinson,* supra, 207 Conn. 574; *State* v. *Baxter,* supra, 320.

Careful examination of *White,* however, discloses that it is limited and is not authority for admitting all hearsay evidence in all probation violation cases. The *White* court expressly "contemplate[d] use of hearsay testimony . . . *so long as it is not unsupported* and is reliable, as the evidence was here."[5] (Emphasis added.) *State* v. *White,* supra.

Our analysis begins with a comparison of the *White* case with the present case. The alleged violation in *White* was the defendant's departure from a residential drug rehabilitation program in violation of a special condition of probation that he remain there until

---

[4] The specific claim in *State* v. *White,* 169 Conn. 223, 239, 363 A.2d 143 (1975), was that "the hearing officer at the *preliminary hearing* improperly relied on hearsay evidence in determining there was *probable cause* that he had violated the terms of his probation." (Emphasis added.)

[5] *White* established a two-prong test. The evidence must be both (1) supported and (2) reliable. Because we conclude that the defendant has not satisfied the first prong, we do not reach the second.

released by its officials. At the preliminary hearing, the defendant's probation officer, who had prepared the original presentence report, testified that he was familiar with the condition of the defendant's sentence and that he was informed by officials of the drug rehabilitation program that the defendant left without permission. In his testimony, he referred to a letter from the resident director of the program, confirming the defendant's unauthorized departure. Reference to this letter constituted the hearsay. In addition to the probation officer's testimony, department records were also referred to at the hearing. Moreover, it was undisputed that the defendant was apprehended on an arrest warrant away from the rehabilitation facility. Upon reviewing the evidence, the hearing officer determined that there was probable cause that the defendant had violated the terms of his probation.

The record does not include a transcript of the testimony at the probable cause hearing. It includes only a brief report from the probation department that referred to hearsay material from the drug rehabilitation program.[6] It is not possible to determine the extent of other evidence that may have been received to support this claimed hearsay at the preliminary probable cause hearing. We must infer, however, that there was other evidence because *White* held that hearsay is admissible on the condition that it is supported by other evidence in the case.[7]

---

[6] *State* v. *White,* A-857 Rec. & Briefs, Position 3, Record pp. 6–7, May Term, 1975.

[7] Despite the *White* dicta suggesting that a defendant could be found in violation of probation on limited but supported hearsay, the actual probation violation finding was supported by substantial direct evidence. The defendant's probation officer, Raymond Bykowski, testified that the defendant had been assigned to a treatment facility in Waterbury as the result of a court sentence. He further recounted that he had been notified by phone and later by letter that the defendant had left the facility. Francis Petrillo, senior coordinator and drug rehabilitation counselor at the facility, also tes-

This contrasts with the present case in which the sole witness, the probation officer, testified that the basis for initiating the revocation proceedings was the two police reports. She had never met the victim, would not have been able to recognize her, had never seen the defendant in the presence of the victim and had no basis whatsoever upon which to judge the reliability or accuracy of the police reports. She conceded that she had no knowledge of the events and her testimony was limited to her having read the police reports. The trial court then, on the basis of only the probation officer's hearsay testimony, and with no independent supporting evidence, admitted the two police reports into evidence and found the defendant in violation of probation.[8]

Pursuant to *White,* hearsay testimony is admissible only if it is supported by other evidence. Hearsay evidence cannot be the basis of probation revocation if it is wholly unsupported by corroborative evidence, as it was here. If, for example, the probation officer had been competent to testify from personal knowledge, it would have been a question of the trial court's discretion as to whether there was sufficient support to allow the hearsay evidence.

General Statutes § 53a-32 was passed as part of No. 828 of the 1969 Public Acts, which created the Connecticut penal code. It is readily apparent from the commentary by the commission appointed to revise the criminal statutes and to adopt the penal code that

---

tified. After stating that he remembered the defendant as a participant in the drug rehabilitation program, Petrillo pointed him out in the courtroom. Petrillo further testified that he recalled the defendant leaving the facility without permission shortly after the defendant had arrived.

[8] The trial court was not consistent in its hearsay evidence rulings. It is difficult to reconcile the ruling on admissibility of the police reports with the court's ruling sustaining a hearsay objection to a question of what the victim may have said to the probation officer in a phone conversation.

§ 53a-32 was carefully drafted so as to forestall the possibility of basing probation violations on unsupported hearsay. The commentators noted that "[b]ecause the defendant's continued freedom is likely to be at stake, and because the decision as to the violation may turn on conflicting sets of facts, the right to counsel, to cross-examine witnesses and to present evidence (which rights were often granted in practice anyway) are made clear. The language limiting revocation orders to those supported by 'the whole record' and 'by reliable and probative evidence' is an attempt to reach a middle ground between the requirement of a full trial-type hearing and *allowing revocation simply upon what may be unsupported hearsay information in the probation officer's report.*" (Emphasis added.) Commission to Revise the Criminal Statutes, Penal Code Comments, Connecticut General Statutes (1969), pp. 16–17.

The trial court acknowledged that the two hearsay police reports were the only evidence before it and the state agreed.[9] In view of the fact that the police reports were wholly unsupported hearsay, they should not have been admitted into evidence. Because the state conceded that its only evidence was hearsay and we have concluded as a matter of law that it should not have been admitted, there was no evidence to support a probation violation finding. Accordingly, the trial court could not have been reasonably satisfied that the defendant had violated a term of his probation and, therefore, its finding of a violation is clearly erroneous. When the evidence adduced at a probation revocation hearing is insufficient, the defendant is entitled to a judgment of acquittal. *Payne* v. *Robinson,* supra, 10 Conn. App.

---

[9] Addressing the state's attorney, the trial court commented, "Isn't it true that the only actual evidence in this particular case is the two police incident reports? There is no warrant that is in evidence. The warrant was marked for ID purposes only." The state's attorney replied in the affirmative.

We do not reach the defendant's other claims.

The judgment is reversed and the case is remanded with direction to render judgment denying the motion for probation revocation.

In this opinion the other judges concurred.