STATE OF CONNECTICUT *v.* THURLOW CAREY
(14751)

PETERS, C. J., BORDEN, BERDON, NORCOTT and KATZ, Js.

Argued December 2, 1993—decision released February 8, 1994

*Timothy J. Sugrue,* assistant state's attorney, with whom, on the brief, was *John M. Bailey,* state's attorney, for the appellant (state).

*Todd D. Fernow,* for the appellee (defendant).

PETERS, C. J. The dispositive issue in this appeal is the determination of the proper remand when the outcome of a hearing for revocation of probation is tainted by the improper admission of hearsay evidence. Pursuant to a conviction of the defendant, Thurlow Carey, for assault in the third degree in violation of General Statutes § 53a-61,[1] he was placed on probation for one year. Within the probationary period, the state sought

---

[1] General Statutes § 53a-61 provides: "ASSAULT IN THE THIRD DEGREE: CLASS A MISDEMEANOR. (a) A person is guilty of assault in the third degree when: (1) With intent to cause physical injury to another person, he causes such injury to such person or to a third person; or (2) he recklessly causes serious physical injury to another person; or (3) with criminal negligence, he causes physical injury to another person by means of a deadly weapon, a dangerous instrument or an electronic defense weapon.

"(b) Assault in the third degree is a class A misdemeanor and any person found guilty under subdivision (3) of subsection (a) of this section shall be sentenced to a term of imprisonment of one year which may not be suspended or reduced."

revocation of the defendant's probation, pursuant to General Statutes § 53a-32,[2] because he had allegedly violated a condition of his probation that required him to have no contact with his prior victim. The trial court, after a hearing, revoked the defendant's probation. The Appellate Court concluded that, in finding a violation of probation, the trial court had improperly relied on inadmissible hearsay evidence. *State* v. *Carey,* 30 Conn.

[2] General Statutes § 53a-32 provides: "VIOLATION OF PROBATION OR CONDITIONAL DISCHARGE: ARREST; PROCEDURE. (a) At any time during the period of probation or conditional discharge, the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation or conditional discharge, or may issue a notice to appear to answer to a charge of such violation, which notice shall be personally served upon the defendant. Any such warrant shall authorize all officers named therein to return the defendant to the custody of the court or to any suitable detention facility designated by the court. Any probation officer may arrest any defendant on probation without a warrant or may deputize any other officer with power to arrest to do so by giving him a written statement setting forth that the defendant has, in the judgment of the probation officer, violated the conditions of his probation. Such written statement, delivered with the defendant by the arresting officer to the official in charge of any correctional center or other place of detention, shall be sufficient warrant for the detention of the defendant. After making such an arrest, such probation officer shall present to the detaining authorities a similar statement of the circumstances of violation. Provisions regarding release on bail of persons charged with a crime shall be applicable to any defendant arrested under the provisions of this section. Upon such arrest and detention, the probation officer shall immediately so notify the court or any judge thereof. Thereupon, or upon an arrest by warrant as herein provided, the court shall cause the defendant to be brought before it without unnecessary delay for a hearing on the violation charges. At such hearing the defendant shall be informed of the manner in which he is alleged to have violated the conditions of his probation or conditional discharge, shall be advised by the court that he has the right to retain counsel and, if indigent, shall be entitled to the services of the public defender, and shall have the right to cross-examine witnesses and to present evidence in his own behalf.

"(b) If such violation is established, the court may continue or revoke the sentence of probation or conditional discharge or modify or enlarge the conditions, and, if such sentence is revoked, require the defendant to serve the sentence imposed or impose any lesser sentence. No such revocation shall be ordered, except upon consideration of the whole record and unless such violation is established by reliable and probative evidence."

App. 346, 620 A.2d 201 (1993). The Appellate Court not only reversed the trial court's ruling on hearsay, but also directed a judgment of acquittal. We granted the state's petition for certification to review the Appellate Court's remand order,[3] and now reverse.

The opinion of the Appellate Court describes the facts upon which it relied. "During the probationary period, the defendant was arrested twice for allegedly assaulting the victim [of his prior assault]. Following the first arrest, the defendant's probation officer, Sharon Rome, filed a motion for revocation of probation that cited as the reasons a new conviction and a violation of the special condition that the defendant have no contact with the victim. Following the second arrest, Rome filed a substitute motion, citing as the reason the defendant's 'subsequent arrests.'

"At the commencement of the revocation hearing, the defendant requested, 'in the nature of an oral bill of particulars' that he be informed of the specific manner in which he violated his probation. The state's attorney responded orally that the ground for revocation was the violation of the 'specific conditions of probation . . . that he keep away from the [victim]. The subsequent arrests, all three of them, were specific arrests that have to do with the victim and the person . . . whom he was ordered to stay away from and not have any contact.' Prior to closing arguments, the state again claimed that it 'has sought violation of probation based on the special condition of probation that [the defendant] have no contact with the victim in this case.'

"Rome was the only witness who testified at the hearing. Through Rome, the state introduced two police

---

[3] In *State* v. *Carey*, 225 Conn. 922, 625 A.2d 823 (1993), we granted the state's petition for certification, limited to the following issue: "In the circumstances of this case, did the Appellate Court correctly order a judgment of acquittal of the charge of probation violation?"

incident reports relating to the defendant's arrests. Defense counsel repeatedly objected to the admission of the reports on the basis that they were hearsay. Although Rome testified that she had not personally observed the defendant's conduct, she narrated the allegations set forth in the reports. She explained that the bases for initiating the revocation proceeding were the police reports and a telephone conversation with the victim, whom she had never met. The court sustained the defendant's hearsay objection to the telephone call and, therefore, did not permit Rome to testify concerning the contents of her conversation with the victim.

"No further evidence was offered by either party. The [trial] court found that the defendant had violated his probation and reinstated the original sentence. As expressed in its memorandum of decision, the court appeared to have found that the defendant violated not only the no contact provision, but also the provision that he not violate any criminal law of the United States, notwithstanding that he was not charged with the latter as a probation violation. Because a defendant cannot be found in violation of probation on grounds other than those with which he is charged, we will disregard the second finding." Id., 348–49.

The Appellate Court noted that "[i]n the present case, because the revocation was not based on a subsequent conviction, the issue is whether the state presented sufficient evidence to show that the defendant's conduct, leading to the arrests, constituted an act sufficient to support the revocation. The standard of proof to be applied by the trial court in deciding whether a probationer has violated a condition of probation is the reasonable satisfaction standard, wherein the trial court must have a rational belief that the 'evidence is adequate or sufficient to prove a violation.' *State* v. *Davis,* 29 Conn. App. 801, 811, 618 A.2d 557 (1993). '[O]ur

review is limited to reviewing whether such a finding was clearly erroneous.' Id., 805." *State* v. *Carey,* supra, 350.

"The only evidence offered by the state, over the defendant's repeated hearsay objections, was the two police reports. These reports were admitted through the probation officer who had no independent knowledge of the material contained therein. She knew only that they were police reports pertaining to the defendant.

"These reports were undisputably hearsay. In its brief, the state argues that the police reports qualified as business records under General Statutes § 52-180 and were therefore admissible. This contention is invalid for two reasons. First, the reports were not offered or admitted as business records. . . . Second, the necessary foundation for admission was not provided. . . . The probation officer did not, and in all probability could not, testify to these requirements. The reports, therefore, are hearsay and do not qualify for admission as evidence under any established exception to the hearsay rule." Id., 350–51.

The Appellate Court concluded that, as a matter of law, "hearsay testimony is admissible only if it is supported by other evidence. Hearsay evidence cannot be the basis of probation revocation if it is wholly unsupported by corroborative evidence, as it was here. If, for example, the probation officer had been competent to testify from personal knowledge, it would have been a question of the trial court's discretion as to whether there was sufficient support to allow the hearsay evidence." Id., 354.

Summarizing its conclusions, the Appellate Court held: "In view of the fact that the police reports were wholly unsupported hearsay, they should not have been admitted into evidence. Because the state conceded that

its only evidence was hearsay and we have concluded as a matter of law that it should not have been admitted, there was no evidence to support a probation violation finding. Accordingly, the trial court could not have been reasonably satisfied that the defendant had violated a term of his probation and, therefore, its finding of a violation is clearly erroneous. When the evidence adduced at a probation revocation hearing is insufficient, the defendant is entitled to a judgment of acquittal." Id., 355.

In its appeal to this court, the state has challenged only the Appellate Court's order directing the acquittal of the defendant. The state has not questioned the validity of the Appellate Court's decision that, in a hearing for revocation of probation, hearsay evidence that is otherwise unsupported is inadmissible if the defendant raises a timely objection to its admissibility. Cf. *State* v. *White,* 169 Conn. 223, 239–40, 363 A.2d 143, cert. denied, 423 U.S. 1025, 96 S. Ct. 469, 46 L. Ed. 2d 399 (1975).[4] The state maintains, however, that the improper admission of evidence at trial does not preclude a new revocation hearing at which it may offer probative evidence that is not hearsay in order to establish the defendant's probation violation.

According to the state, a new hearing, rather than an acquittal, is the appropriate remedy in this case in light of *State* v. *Gray,* 200 Conn. 523, 512 A.2d 217, cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed.

---

[4] We note that, in light of the procedural posture of this case, we do not have before us any issue relating to the validity of the Appellate Court's interpretation of *State* v. *White,* 169 Conn. 223, 363 A.2d 143, cert. denied, 423 U.S. 1025, 96 S. Ct. 469, 46 L. Ed. 2d 399 (1975), either as a matter of law or in the circumstances of this case. The state did not ask us to certify this issue for appeal.

We note further that, in this appeal, neither party has raised any issue about the standard of proof that governs findings of fact in proceedings for revocation of probation. See *State* v. *Davis,* 29 Conn. App. 801, 618 A.2d 557, cert. granted, 225 Conn. 918, 623 A.2d 1024 (1993).

2d 373 (1986). In *Gray,* we held that a claim of insuffi-
ciency of the evidence must be evaluated by consider-
ing all the evidence adduced at trial, even evidence
subsequently determined to have been improperly
admitted. Id., 538. Otherwise, we observed, the prose-
cution would never be able to rely on the rulings of the
trial court and would be obligated to adduce cumula-
tive evidence to safeguard against the risk of an
improper evidentiary ruling. Id. In this case, therefore,
the state seeks the opportunity, at a new hearing, to
present evidence from the police officers involved in
the defendant's arrests or from other potential wit-
nesses who might testify that the defendant violated
the "no contact" condition in his order of probation.

The defendant offers two rejoinders to the state's
argument. First, he contends that the state did not in
fact rely, at trial, on the court's evidentiary rulings but
simply failed to adduce probative evidence to establish
his probation violation. Second, he contends that the
sum total of the evidence adduced at trial was insuffi-
cient to establish his probation violation.

The defendant's first contention requires little dis-
cussion, because it flatly contradicts our holding in *State
v. Gray,* supra. That decision presumed that the state
would ordinarily make evidentiary choices in reliance
on rulings of the trial court that might subsequently
be found, on appeal, to have been improper. We did
not contemplate that the state would have to make an
evidentiary showing of its reliance on the trial court's
rulings. In our view, it would undermine the rationale
of *Gray* to require such an evidentiary showing, which
would impose on the state the burden of making offers
of proof about evidence that it was not presenting. We
decline to adopt such a requirement.

The defendant's second contention essentially
restates one of the arguments that he advanced in the

Appellate Court, namely, that the finding of probation violation should be set aside, not on the ground of evidentiary error in admitting hearsay, but on the ground of evidentiary insufficiency. The defendant maintains that the trial record, because it consists solely of the fact of his arrests and of unsupported or unreliable hearsay, fails to satisfy the requirement of § 53a-32 (b) that a probation violation must be "established by reliable and probative evidence."

From the vantage point of evidentiary insufficiency, the issue is whether the state adduced sufficient reliable and probative evidence to establish the defendant's violation of the "no contact" condition of his probation. "On appeal, the standard of review of an order revoking probation is whether the trial court abused its discretion; if it appears that the trial court was reasonably satisfied that the terms of probation had been violated and, impliedly, that the beneficial purposes of probation were no longer being served, then the order must stand. . . . In reviewing the issue of discretion, we do so according it every reasonable presumption in favor of the trial court's ruling. . . . A defendant who seeks to reverse the exercise of judicial discretion assumes a heavy burden." (Citations omitted; internal quotation marks omitted.) *State* v. *Smith,* 207 Conn. 152, 167, 540 A.2d 679 (1988); *State* v. *Roberson,* 165 Conn. 73, 80, 327 A.2d 556 (1973).

For the purpose of our appellate review of the sufficiency of the evidence, the record includes the evidence that the Appellate Court held to be inadmissible hearsay. *State* v. *Gray,* supra. To the extent that the defendant suggests that hearsay evidence is inherently unreliable, the law is to the contrary.

In cases in which hearsay evidence has been admitted without objection, we have held that the trier of fact could have relied on documents that were hear-

say "in proof of the matters stated therein, for whatever they were worth on their face." *Sears* v. *Curtis,* 147 Conn. 311, 317, 160 A.2d 742 (1960); *Volck* v. *Muzio,* 204 Conn. 507, 518, 529 A.2d 177 (1987); *Danahy* v. *Cuneo,* 130 Conn. 213, 217, 33 A.2d 132 (1943). Hearsay evidence is reliable to the extent that it has " 'rational probative force.' " *State* v. *John,* 210 Conn. 652, 663, 557 A.2d 93, cert. denied, 493 U.S. 824, 110 S. Ct. 84, 107 L. Ed. 2d 50 (1989); see *Marshall* v. *Kleinman,* 186 Conn. 67, 72, 438 A.2d 1199 (1982); *DeGroat* v. *DeGroat,* 171 Conn. 363, 370 A.2d 963 (1976). As explained by Professor McCormick: "If [inadmissible] evidence is received without objection, it becomes part of the evidence in the case, and is usable as proof to the extent of the rational persuasive power it may have. The fact that it was inadmissible does not prevent its use as proof so far as it has probative value. . . . This principle is almost universally accepted. . . . The principle applies to any ground of incompetency under the exclusionary rules. It is most often invoked in respect to hearsay, but it has been applied to evidence vulnerable as secondary evidence of writings, opinions, evidence elicited from incompetent witnesses or subject to a privilege, or subject to objection because of the want of authentication of a writing, of the lack-of-knowledge qualification of a witness, or of the expertness qualification." 1 C. McCormick, Evidence (4th Ed. 1992) § 54, pp. 219–20.

These authorities establish, therefore, that appellate review of the sufficiency of the evidence, pursuant to *State* v. *Gray,* supra, properly includes hearsay evidence even if such evidence was admitted despite a purportedly valid objection. Claims of evidentiary insufficiency in criminal cases are always addressed independently of claims of evidentiary error. See, e.g., *State* v. *Sauris,* 227 Conn. 389, 631 A.2d 238 (1993); *State* v. *Crafts,* 226 Conn. 237, 627 A.2d 877 (1993).

The principal evidence before the trial court was the testimony of the defendant's probation officer, Sharon Rome, that she had seen two arrest reports, supported by sworn affidavits, that contained detailed allegations charging the defendant with a number of crimes including an assault on the victim. Although the first arrest report mentioned only an unidentified female, the second arrest report identified the victim by name and referred to the earlier incident. Rome testified to her understanding that both arrest reports related to assaults allegedly committed by the defendant on the victim. She testified, furthermore, that subsequent to reading of the first arrest report, she had taken further steps to investigate whether an assault had been committed by having a telephone conversation with the victim.

In addition to this evidence, the court noted, on the record, that it was taking judicial notice of court files indicating that other trial court judges had found probable cause to issue arrest warrants for the defendant pursuant to the arrest reports, and that, in another proceeding against the defendant, had found probable cause to issue a protective order "concerning this particular matter during [the defendant's] period of probation."[5] Although the defendant contested the probative value of this evidence, we have held that a court may properly take judicial notice of relevant court files involving the same defendant. See *McCarthy* v. *Warden,* 213 Conn. 289, 293, 567 A.2d 1187 (1989), cert. denied, 496 U.S. 939, 110 S. Ct. 3220, 110 L. Ed. 2d 667 (1990); *Connecticut Bank & Trust Co.* v. *Commission on Human Rights & Opportunities,* 202 Conn. 150, 153 n.2, 520 A.2d 186 (1987); *State* v. *Woolcock,* 201 Conn. 605, 616, 518 A.2d 1377 (1986); *Moore* v.

[5] The court noted that it had used this file earlier that same day in ordering the rearrest of the defendant because of his failure to appear as originally scheduled.

*Moore,* 173 Conn. 120, 121–22, 376 A.2d 1085 (1977); *Krawiec* v. *Kraft,* 163 Conn. 445, 451, 311 A.2d 82 (1972); *Guerriero* v. *Galasso,* 144 Conn. 600, 605, 136 A.2d 497 (1957).

Viewing this record in its totality, we conclude that the trial court had before it sufficient probative evidence to exercise its discretion to revoke the defendant's probation. The Appellate Court, having concluded that hearsay evidence had been improperly admitted, should, therefore, have ordered a new probation revocation hearing rather than directing a judgment of acquittal.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to remand the case to the trial court for a new probation revocation hearing.

In this opinion the other justices concurred.