STATE OF CONNECTICUT *v.* WILLIAM D. PIERCE
(AC 18364)

Schaller, Dranginis and Stoughton, Js.

Argued April 24—officially released July 10, 2001

*Richard Hustad Miller*, special public defender, for the appellant (defendant).

*Toni Smith-Rosario*, assistant state's attorney, with whom, on the brief, were *Kevin T. Kane*, state's attorney, and *Stephen Carney*, assistant state's attorney, for the appellee (state).

*Opinion*

STOUGHTON, J. The defendant, William D. Pierce, appeals from the judgment of the trial court finding him in violation of probation and revoking his probation. We affirm the judgment of the trial court.

On appeal, the defendant initially claimed that (1) the trial court improperly determined that he violated

the conditions of his probation because the evidence was insufficient to establish a burglary in the first degree and (2) even if the trial court properly found the defendant in violation of his probation, the court's revocation of his probation and imposition of a two year sentence was fatally flawed because the court considered the defendant to have violated a class B felony rather than merely a class A misdemeanor.

On August 28, 1998, the defendant filed a motion for the trial court to articulate the basis for its decision and the factual findings on which it was made. The court denied this request. We granted the defendant's request for review but denied the relief requested. After briefs were filed and oral arguments were heard, this court vacated its earlier order, granted in part the relief requested in the defendant's motion for review and ordered supplemental briefs addressing the articulation.

We ordered the trial court to articulate the following request made by the defendant: "Upon what charge did the court find a violation of probation? Was the basis burglary in the first degree, a lesser included offense, possession of burglary tools or any combination of these?" In response, the trial court rendered the following articulation: "As ordered by the Appellate Court on July 18, 2000, the basis upon which this court found a violation of probation was a violation by the defendant of Connecticut General Statutes § 53a-101 burglary in the first degree, [General Statutes] § 53a-103 burglary in the third degree and [General Statutes] § 53a-106 possession of burglar's tools. Burglary in the third degree is a lesser included offense of burglary in the first degree."

On the basis of the articulation, the defendant, in his supplemental brief, claims that (1) there was no evidence that he was armed with a dangerous instru-

ment, (2) the trial court improperly relied on possession of burglar's tools and burglary in the third degree because those crimes were not alleged by the prosecutor and (3) a probation violation may not be based on a finding of a lesser included offense.

The following facts are relevant to this appeal. On October 28, 1993, the defendant was sentenced to the custody of the commissioner of correction on three counts of burglary in the third degree. He received a total effective sentence of seven years, execution suspended after four years, followed by three years probation. On December 26, 1996, he was released on probation. On February 13, 1997, the defendant was arrested and charged with burglary in the first degree in violation of § 53a-101[1] and possession of burglar's tools in violation of § 53a-106.[2]

On April 14, 1997, the defendant was arrested on a warrant for violation of probation. The affidavit in the arrest warrant application referred to the defendant's arrest for burglary in the first degree and possession of burglar's tools. The trial court conducted a hearing, found that the defendant had violated the conditions of probation, revoked his probation and imposed a term of two years imprisonment.

---

[1] General Statutes § 53a-101 (a) provides: "A person is guilty of burglary in the first degree when he enters or remains unlawfully in a building with intent to commit a crime therein and: (1) He is armed with explosives or a deadly weapon or dangerous instrument, or (2) in the course of committing the offense, he intentionally, knowingly or recklessly inflicts or attempts to inflict bodily injury on anyone."

[2] General Statutes § 53a-106 provides: "(a) A person is guilty of manufacturing or possession of burglar's tools when he manufactures or has in his possession any tool, instrument or other thing adapted, designed or commonly used for advancing or facilitating offenses involving unlawful entry into premises, or offenses involving forcible breaking of safes or other containers or depositories of property, under circumstances manifesting an intent to use or knowledge that some person intends to use the same in the commission of an offense of such character.

"(b) Manufacturing or possession of burglar's tools is a class A misdemeanor."

The defendant's period of probation began on December 26, 1996. The defendant was suspected of committing a rash of residential burglaries in Norwich. On February 13, 1997, the Norwich police began watching the defendant's residence. On that date, when the defendant drove away from his residence, the police followed him and found his car parked in a Montville neighborhood. The police watched the car while they hid in a wooded area behind some houses. The police eventually saw a man walking behind some houses in the dark and, upon investigation, found the defendant hiding behind a woodpile with a blue metal crowbar, a pair of gloves and a flashlight directly in front of him. The back of a nearby residence showed signs of forced entry, and it appeared that someone had rummaged through the bureau drawers in several rooms.

The defendant subsequently was taken to the Montville police department and was advised of his constitutional rights. He gave a written statement in which he admitted that after 6 p.m., on February 13, 1997, he had driven to Montville, had parked on a side street and had walked to an unlit residence. He rang the doorbell and, after receiving no answer, went to the back of the residence and pried open the basement garage door. He then pried open an inside door and went upstairs where he went through the drawers and closets. He found no cash or jewelry and left by way of sliding glass doors. At the time the defendant gave his statement, he was under arrest for possession of burglar's tools and he also admitted to having committed several other burglaries.

Under General Statutes § 53a-32, a probation revocation hearing is comprised of two distinct components. *State* v. *Davis*, 229 Conn. 285, 289, 641 A.2d 370 (1994). The trial court must first determine by a fair preponderance of the evidence whether the defendant has in fact

violated a condition of probation. Id., 295. If a determination is made that a violation has been established, the trial court then determines whether the defendant's probation should be revoked. Id., 290. "On the basis of its consideration of the whole record, the trial court may continue or revoke the sentence of probation or conditional discharge or modify or enlarge the conditions, and, if such sentence is revoked, require the defendant to serve the sentence imposed or impose any lesser sentence. General Statutes § 53a-32 (b)." (Internal quotation marks omitted.) *State* v. *Davis*, supra, 290. "In making its factual determination, the trial court is entitled to draw reasonable and logical inferences from the evidence. . . . This court may reverse the trial court's initial factual determination that a condition of probation has been violated only if we determine that such a finding was clearly erroneous." (Citation omitted; internal quotation marks omitted.) *State* v. *Treat*, 38 Conn. App. 762, 769, 664 A.2d 785, cert. denied, 235 Conn. 920, 665 A.2d 907 (1995).

I

The defendant first claims that the court improperly determined that he had violated the conditions of his probation. The defendant argues that (1) the evidence was insufficient to establish that he committed burglary in the first degree, (2) he did not receive notice of any basis for the revocation of probation other than burglary in the first degree, (3) because burglary in the third degree was not stated at the hearing as a basis for finding a violation of probation, it cannot be used as a basis for a violation of probation by the trial court or by this court and (4) his lack of notice claim warrants *Golding* review or plain error review. We disagree and discuss each claim in turn.

A

The defendant first argues that the evidence was insufficient to establish that he committed burglary in

the first degree. Specifically, he argues that the court could not have found that he violated his probation on the ground that he committed burglary in the first degree because it could not have found that he was armed with a dangerous instrument at the time of the burglary.

The crime of burglary is elevated to the first degree when the burglar is armed with a dangerous instrument. *State* v. *Grant,* 177 Conn. 140, 146–47, 411 A.2d 917 (1979). A dangerous instrument is "any instrument, article or substance which, under the circumstances in which it is used or attempted or threatened to be used, is capable of causing death or serious physical injury . . . ." General Statutes § 53a-3 (7). Whether the crowbar with which the defendant was armed was a dangerous instrument depends on the circumstances in which it was used or attempted or threatened to be used. See *State* v. *Grant,* supra, 146.

In this case, the defendant not only used the crowbar to break into the house, but also carried it with him as he went through the house. It is a reasonable and logical inference that the defendant intended to use the crowbar as a weapon in case he was surprised while inside the house. Even if we were to conclude otherwise, the evidence clearly established the lesser included offense of burglary in the third degree, which alone is sufficient to establish a violation of probation.

## B

The defendant next argues that he did not receive notice of any basis for the revocation of his probation other than burglary in the first degree. He specifically asserts that due process requires that he be given adequate notice and a hearing, and that § 53a-32 requires that such notice be given at the hearing. The defendant does not claim that the crowbar and the other items

found in his possession could not be found to be burglar's tools.

Section 53a-32 (a) provides in relevant part: "At such [probation violation] hearing the defendant shall be informed of the manner in which such defendant is alleged to have violated the conditions of such defendant's probation or conditional discharge . . . ." At the hearing, the defendant's probation officer testified that she had initiated the revocation proceeding because of "a new felony arrest." Because burglary in the first degree was his only new felony arrest, the defendant maintains that he was not informed at the hearing of any other basis for a violation of probation. In making this claim, the defendant overlooks the fact that he had been arrested on a warrant charging both burglary and the misdemeanor of possession of burglar's tools.

At the defendant's trial, testimony was offered concerning the entire incident, and, thus, the defendant was made aware, both before and during the hearing, of the evidence that he had been in possession of burglar's tools. The defendant rightly asserts that he cannot be found in violation of probation on grounds other than those with which he is charged. *State* v. *Carey*, 30 Conn. App. 346, 349, 620 A.2d 201 (1993), rev'd on other grounds, 228 Conn. 487, 636 A.2d 840 (1994). The defendant, however, clearly had been charged with both burglary and possession of burglar's tools and, thus, he had notice of the charges both before and during the hearing.

C

The defendant also argues that, because burglary in the third degree was not stated at the hearing as a basis for finding a violation of probation, it cannot be used as a basis for a finding of a violation of probation by the trial court or by this court. He asserts that doing

so would violate the due process standards set forth in § 53a-32 and constitutional law.

The defendant fails to provide us with a clear analysis of this claim and argues that he was not given sufficient notice that he might be charged with burglary in the third degree. He acknowledges that burglary in the third degree is a lesser included offense of burglary in the first degree and, that in a criminal trial, he might be found guilty of the lesser included offense. He maintains, however, that a probation violation hearing requires stricter procedures than a criminal trial. The only authority the defendant offers for this rather unusual position is *State* v. *Carey*, supra, 30 Conn. App. 346, which does not address lesser included offenses.

It is well settled that notice of a charged offense includes notice of all lesser included offenses. *State* v. *Gelormino*, 24 Conn. App. 563, 570, 590 A.2d 480, cert. denied, 219 Conn. 911, 593 A.2d 136 (1991). A criminal defendant is put on constitutionally sufficient notice when he is charged with an offense that he may be convicted of any lesser included offense. See *State* v. *March*, 39 Conn. App. 267, 272, 664 A.2d 1157, cert. denied, 235 Conn. 930, 667 A.2d 801 (1995). We can discern no reason why this well established principle of law should not apply equally to a violation of probation hearing.

II

The defendant next claims that even if the court properly found him in violation of his probation, that its revocation of his probation and imposition of a two year sentence was fatally flawed because it considered the defendant to have violated a class B felony rather than merely a class A misdemeanor. Specifically, the defendant argues that the court abused its discretion in putting into effect two of the three years of his suspended sentence. The defendant alleges that the court

must have improperly considered that he was armed with a dangerous instrument. Because we concluded that the court reasonably and logically may have inferred that the crowbar was a dangerous instrument, under the circumstances, we conclude that this claim is without merit.

Even if we were to agree with the defendant, we conclude that the trial court did not abuse its discretion in this case. Revocation of probation "shall not be ordered except upon consideration of the whole record . . . ." (Internal quotation marks omitted.) *State* v. *Treat*, supra, 38 Conn. App. 771. Every reasonable presumption should be made in favor of the correctness of the court's ruling and reversal is required only where an abuse of discretion is manifest or where an injustice appears to have been done. *Walker* v. *Commissioner of Correction*, 223 Conn. 411, 414–15, 611 A.2d 413 (1992), overruled in part on other grounds, *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994).

In this case, the court ordered a probation report in accordance with the defendant's request. At the defendant's revocation of probation hearing, the court declined to consider the numerous pending burglary charges but, instead, considered the defendant's extensive criminal history and his expressed need for drug counseling. We therefore conclude that the court did not abuse its discretion in revoking the defendant's probation and in imposing a two year sentence.

The judgment is affirmed.

In this opinion the other judges concurred.