CHERYL PURNELL *v.* O. JAMES PURNELL III
(AC 26178)

Schaller, DiPentima and Hennessy, Js.

Argued February 7—officially released May 30, 2006

*Peter M. Berry*, for the appellant (defendant).

*Deborah W. A. Eliason*, for the appellee (plaintiff).

*Opinion*

DiPENTIMA, J. The defendant, O. James Purnell III, appeals from the judgment of the trial court dissolving his marriage to the plaintiff, Cheryl Purnell, and distributing the parties' property. On appeal, the defendant claims that the court improperly (1) valued the plaintiff's pension, (2) concluded that the plaintiff's supplemental account in her teacher's retirement account was speculative and therefore failed to include it as part of the marital assets, and (3) based part of its decision regarding property distribution on the defendant's speculative future earnings. We disagree and affirm the judgment of the trial court.

The court found the following facts that are relevant to our disposition of the appeal. The parties married on June 30, 1973. During the course of the marriage, the parties had two children, both of whom had reached the age of majority by February, 2003, when the plaintiff commenced this marital dissolution action. The parties' son has special needs and, although he achieved a high school diploma, he continued to live in the marital home following his graduation. At the time of the dissolution, he had a part-time job, and the plaintiff expected that he would continue to need financial and emotional support. In this regard, she expected that he would continue to live with her following the dissolution, wherever she made her home. The parties' daughter was in her third year of college at the time of the dissolution, and the parties intended to help her with college expenses until she graduated.

The parties had the following assets that were subject to distribution: (1) the marital home, located in Vernon, (2) a vacation home in Vermont, (3) the plaintiff's pension, (4) various bank accounts and (5) the parties' respective motor vehicles. In forming its financial orders, the court considered and found that, in addition to the other factors included in General Statutes § 46b-81, the parties earned relatively equal incomes throughout the course of the marriage but that the plaintiff had contributed all of her income to supporting the family and the household while the defendant contributed only part of his income to this purpose. The court also found that the defendant's actions led to the breakdown of the marriage. The court ordered that the marital home in Vernon be sold, with the proceeds of the sale divided evenly between the parties. The court awarded two-thirds of the value of the Vermont property to the defendant and one-third to the plaintiff, with the plaintiff's third to be paid out of the proceeds from the sale of the marital home. In return, the plaintiff was to quit-

claim her interest in the Vermont property to the defendant. The court awarded the plaintiff her pension and awarded the defendant the bulk of the cash assets, which the court determined to approximate $160,000. The court noted that the parties had disagreed most vehemently about the manner of offset of the plaintiff's pension were she to receive it. The defendant, in particular, had requested that the court award the plaintiff her pension and offset that award by awarding him essentially every other asset, including both pieces of real property owned by the parties. In declining to distribute the property in accordance with the defendant's proposed orders, the court took notice of the present value of the plaintiff's pension but allocated the pension by concentrating on the expected stream of income at the time the plaintiff retired. The court determined that the cash assets it awarded the defendant, wisely invested and combined with the defendant's social security income, could approximate the stream of income that the plaintiff's pension would yield during retirement. The court concluded that this division of assets was more equitable than the defendant's proposed orders, which would have left the plaintiff with no accessible assets. The court rendered judgment in accordance with its lengthy oral decision, and the defendant filed this appeal.

Following the filing of the parties' briefs but prior to oral argument, the trial court had yet to sign a judgment file prepared by the parties. See Practice Book § 63-4 (a) (6). Both parties prepared separate draft judgment files, and the file prepared by the defendant stated that the court found the value of the pension to be $198,000, the amount represented by the plaintiff's cash contributions plus interest. The draft judgment file prepared by the plaintiff did not include a cash value of her pension, although it did indicate that the pension had been awarded to her. In response to these differing interpre-

tations of its decision, the court, sua sponte, orally issued what it called a "clarification" of its decision.[1] In this clarification, the court explained that it had found that the present value of the pension was more than $600,000 but that it considered it inequitable to award the plaintiff only her pension and to award the defendant all of the other marital assets to offset the plaintiff's pension. The court explained that, by distributing the assets in the manner that it did, it intended for the defendant to have enough money presently at his disposal to create the basis of a retirement fund if he so desired and that it was the court's expectation that such a retirement fund, if invested wisely and combined with the defendant's social security income, would have the potential to approximate the plaintiff's income stream from her pension. The court also stated that it had been its intention to award the plaintiff her supplemental savings account, which is part of her retirement account, regardless of its value. The court emphasized that this division of property was made on equitable grounds and was not intended to be an equal division of the property.

---

[1] The court requested that the parties and their counsel return to the court so that it could resolve the differences between the parties as to the wording of the judgment file. The court did not hear argument from counsel, nor did it take any evidence. In fact, the one time that the defendant's counsel attempted to argue with the court, the court indicated to counsel that it was clarifying its decision for the record and not listening to any argument from counsel. Although the court did answer some further questions from counsel following its decision, these questions sought further clarification and were not in the nature of argument. Following this proceeding, the defendant filed a late motion for review with this court, which was denied. Neither prior to nor at oral argument did either party request that we reconsider whether the court's "clarification" affected the nature of the judgment so as to alter the bases for the court's decision. After review of both the court's initial decision and the later proceeding, we conclude that the court's later decision did not modify the terms of its original decision and, therefore, properly can be characterized as a clarification. Cf. *Cattaneo* v. *Cattaneo*, 19 Conn. App. 161, 165 n.3, 561 A.2d 967 (1989); *Miller* v. *Miller*, 16 Conn. App. 412, 547 A.2d 922, cert. denied, 209 Conn. 823, 552 A.2d 430 (1988).

## I

The defendant first claims that the court improperly valued the plaintiff's pension by cash contributions plus interest. A trial court's determination as to the value of an asset, including the value of a pension such as the plaintiff's, "is reviewable only if [the court] misapplies, overlooks, or gives a wrong or improper effect to any test or consideration which it was [its] duty to regard." (Internal quotation marks omitted.) *Krafick* v. *Krafick*, 234 Conn. 783, 799–800, 663 A.2d 365 (1995).

The crux of the defendant's argument is that the court failed to consider and to credit the testimony of his expert as to the "present value" of the plaintiff's pension. The defendant's argument, however, fails to take account of the court's clarification of its decision.[2] As outlined previously, the court clarified that it valued the plaintiff's pension in accordance with the present value as determined and testified about by the defendant's expert. It considered the valuation and distribution of the plaintiff's pension under the principles our Supreme Court enunciated in *Krafick* v. *Krafick*, supra, 234 Conn. 783. Specifically, the court stated that it considered the pension's value under the "present value" or "offset" method and, after concluding that there existed

[2] We do not fault the parties for initially misunderstanding the court's oral decision following the hearing. The record in this case demonstrates the problems in rendering oral decisions in complicated cases. Unless the court takes great pains to organize the elements of the decision after careful deliberation, and to express them clearly and cogently, without interruption, the parties may be left with incomplete and ambiguous rulings. Further clarification or articulation may then be necessary in order to comprehend the court's decision. A written memorandum may be preferable under such circumstances. We note that, whatever the deficiencies in the court's initial oral decision, it did issue an oral clarification when confronted with the parties' conflicting interpretations of the initial decision. The defendant neglected, at his peril, to address the clarification in his arguments to this court. See footnote 3.

insufficient marital assets for an equal division under the offset method, determined that, in addition to considering the present value, considering the income stream of the parties in retirement would be better suited to the needs and interests of the parties under the facts and circumstances of the case. See id., 804. The court specifically indicated that it did not intend for its property distribution to be an equal division of the marital assets but instead was considering all of the factors included in § 46b-81 in forming its award. Because the fact on which the defendant bases his claim, namely, that the court valued the pension as cash contributions plus interest, does not find support in the record, the defendant's claim must fail.

## II

The defendant next claims that the court improperly considered speculative the 1 percent supplemental savings account that the plaintiff has as part of her account with the state teachers' retirement board and therefore failed to include it as part of the marital assets. When the court's factual findings are challenged on appeal, we consider whether such findings are clearly erroneous. "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling." (Internal quotation marks omitted.) *State* v. *Farady*, 268 Conn. 174, 185, 842 A.2d 567 (2004).

We first note that the defendant's counsel interrupted and redirected the court as it was in the process of issuing its decision in regard to the supplemental savings account. Specifically, the defendant had requested

the court to address in its orders the plaintiff's supplemental savings account, early retirement bonus and severance bonus. As the court was in the process of answering the question by the defendant's counsel, counsel again interrupted and asked the court about the parties' joint bank accounts. Therefore, to the extent that the court may not have addressed fully any questions the defendant may have had about the award of the plaintiff's supplemental savings account, the defendant is not completely without fault. Later, in its clarification, the court stated that whatever amount the plaintiff would receive from that account when she retired would be hers.[3] Furthermore, from the testimony and exhibits before the court and the court's valuation of the pension as a whole, it appears that the court included the *current* value of the supplemental savings account as part of the plaintiff's pension.[4] The defendant's claim, therefore, that the court failed to include the supplemental savings account as part of the marital assets is without basis in the facts, and we cannot conclude that the factual findings the court did make were clearly erroneous.

---

[3] The court clarified that the account itself was not speculative but rather the amount that the plaintiff would receive from that account was uncertain. To the extent that the court's initial decision could be read differently because the court discussed the plaintiff's supplemental savings account in conjunction with a possible early retirement or severance bonus, we note that the defendant could have sought an articulation specifically as to the court's characterization of the supplemental savings account. See Practice Book § 66-5; *Rollar Construction & Demolition, Inc.* v. *Granite Rock Associates, LLC*, 94 Conn. App. 125, 134, 891 A.2d 133 (2006). Furthermore, once the trial court had clarified its initial decision, the defendant could have requested permission from this court to file a supplemental brief on all the issues raised in this appeal that were affected by this clarification. See, e.g., *Thomson* v. *Orcutt*, 257 Conn. 301, 307, 777 A.2d 670 (2001); *State* v. *Myers*, 244 Conn. 683, 685, 711 A.2d 704 (1998); *State* v. *Figueroa*, 235 Conn. 145, 154, 665 A.2d 63 (1995); *State* v. *Pierce*, 64 Conn. App. 208, 210, 779 A.2d 233 (2001).

[4] The defendant has not argued and we do not address whether it was an abuse of the court's discretion to award the plaintiff her supplemental savings account without valuing it at an amount certain.

## III

The defendant's final claim is that the court abused its discretion by basing its property distribution on speculative future investment earnings. To the extent that the defendant's claim rests on his previous claim that the court improperly valued the plaintiff's pension, we have rejected that claim. We therefore consider the remainder of the defendant's claim as being that the court abused its discretion in awarding the plaintiff's pension to the plaintiff and awarding him approximately $160,000 in cash assets.

In considering whether the court abused its discretion in fashioning its financial orders, we look to whether the court correctly applied the law and reasonably could have concluded as it did. *Loughlin* v. *Loughlin*, 93 Conn. App. 618, 624, 889 A.2d 902, cert. granted on other grounds, 277 Conn. 926, 895 A.2d 798 (2006). "In making those determinations, we allow every reasonable presumption . . . in favor of the correctness of [the trial court's] action." (Internal quotation marks omitted.) Id. We also recognize that "[t]he issues involving financial orders are entirely interwoven. The rendering of judgment in a . . . dissolution case [may be] a carefully crafted mosaic, each element of which may be dependent on the other." (Internal quotation marks omitted.) *Gervais* v. *Gervais*, 91 Conn. App. 840, 844, 882 A.2d 731, cert. denied, 276 Conn. 919, 888 A.2d 88 (2005).

Prior to issuing its decision regarding the distribution of the parties' property, the court indicated that it had taken into consideration all of the factors outlined in § 46b-81. Specifically, the court noted the portions of each party's individual earned income that had been contributed to pay for the family's needs. The court also noted that if the assets were distributed in accordance with the defendant's proposed orders, the plain-

tiff "would have her pension [and] that's about it . . . ." The court considered that it would be more equitable, considering all of the facts and circumstances of the case, for the marital home to be divided equally, for the plaintiff to receive one third of the value of the Vermont property and for her to receive her pension in its entirety. Other than arguing that the court's valuation of the plaintiff's pension was improper, an argument with which we have disagreed, the defendant cites no law or facts in support of his contention that the court's distribution to the plaintiff of her pension and the bulk of the cash assets to the defendant was an abuse of its discretion. In a situation such as this, in which the court specifically stated that it had not intended its award to be an equal division of the parties' assets but rather intended an equitable distribution, taking into consideration the facts and circumstances of this particular case, we cannot conclude that such a distribution was an abuse of the court's wide discretion in these matters.

The judgment is affirmed.

In this opinion the other judges concurred.