OLYMPUS HEALTHCARE GROUP, INC. *v.* CHRIS MULLER, CONSERVATOR (ESTATE AND PERSON OF HERBERT G. MULLER), ET AL.
(AC 24477)

Schaller, Flynn and Peters, Js.

Argued November 29, 2004—officially released April 5, 2005

*Michael A. Zizka,* with whom was *Kari L. Olson,* for the appellants (defendants).

*Andrew J. Pianka,* for the appellee (plaintiff).

*Opinion*

PETERS, J. A default judgment may be opened at any time if the judgment was rendered by a court that did not have subject matter jurisdiction to hear the case. The dispositive issue in this case is whether a court lacks subject matter jurisdiction if the judgment debtor has a valid defense to the claim on which the judgment was based. The judgment debtor has appealed from the denial of his motion to open the default judgment. We affirm the court's judgment denying the motion to open.

On June 1, 1998, the plaintiff, Olympus Healthcare Group, Inc., doing business as Bidwell Healthcare Center, filed an application for a prejudgment remedy and a complaint to recover for health care services that the plaintiff had provided for Herbert G. Muller (Muller). The defendant, Chris Muller, Muller's son, is the conservator of Muller's person and of his estate. The plaintiff sued the defendant as conservator on grounds of breach of contract and unjust enrichment. It also sued the defendant individually for breach of contract.

Without pleading to the complaint, the defendant objected to the entry of a prejudgment order of attachment on the ground that the trial court lacked subject matter jurisdiction over him. In his view, because of his status as conservator, he could not be sued in any capacity.[1] Unpersuaded, the trial court, *Mulcahy, J.*, granted the plaintiff's motion on July 6, 1998. The defendant did not appeal.

On January 4, 1999, Judge Mulcahy rendered a default judgment against the defendant because of his failure to plead. Several weeks later, the plaintiff recorded a judgment lien on real property in Union that is owned jointly by Muller and the defendant. Again, the defendant did not appeal.

The defendant took no further steps to contest the enforceability of the judgment against him until January 4, 2002, when the plaintiff initiated an action to foreclose on its judgment lien. In response to the foreclosure action, the defendant filed a motion in the foreclosure court to open the judgment in this case. His motion was again based on his claim that the trial court lacked subject matter jurisdiction to hear the plaintiff's complaint. On October 28, 2002, the foreclosure court, *Scholl, J.*, denied the defendant's motion. On August 4, 2003, the plaintiff successfully moved for summary judgment in the foreclosure action.

Earlier in 2003, the defendant had returned to the present proceedings. On January 13, 2003, he filed a new motion to open the default judgment in the present action, again alleging that the court had no subject matter jurisdiction to render a judgment against a conservator. On February 18 and July 14, 2003, the trial court, *Stengel, J.*, denied the defendant's motions to

---

[1] In a separate action against the present plaintiff, the present defendant also alleged that the plaintiff had mistreated Muller.

open and to reargue. On August 1, 2003, the defendant filed the present appeal to this court.

The defendant's appeal reiterates his claim that the court lacked subject matter jurisdiction to render a judgment in favor of the plaintiff because, as a conservator, he can never be held personally liable. Concededly, he never attempted to use his authority as conservator of Muller's estate to have the estate pay the plaintiff's bill.[2]

The defendant relies on *Zanoni* v. *Hudon*, 48 Conn. App. 32, 38, 708 A.2d 222, cert. denied, 244 Conn. 928, 711 A.2d 730 (1998), for the proposition that he cannot be sued as a conservator. It is true that, in that case, we held that a conservator was not individually liable on a contract that a Probate Court had approved. Id. It is, however, equally true that *Zanoni* came to this court by way of an appeal from the judgment of a trial court granting the conservator's motions for a directed verdict. It was *not* an appeal from a judgment dismissing the case against the conservator for lack of subject matter jurisdiction.

*Zanoni* therefore sheds no light on this case in which the defendant never filed a responsive pleading raising his defense of immunity from liability to the plaintiff. We need not decide, therefore, whether an agreement signed by the conservator rather than by the Probate Court confers immunity on a conservator. The merits of that issue could have been argued had the defendant

---

[2] The defendant's counsel so stated at oral argument in this court. He attaches no significance to the fact that he alone signed the agreement admitting Muller to the plaintiff's health care center. In that agreement, he agreed to take on the role of "responsible party." Under paragraph II. (8) of the agreement, "[i]f the responsible party has control of or access to the resident's income and/or assets, the responsible party agrees that these funds shall be used for the resident's welfare, including but not limited to making prompt payment for care and services rendered with the terms of this agreement."

chosen to do so. If, as the defendant contends, a conservator can never be sued, a caregiver must depend entirely on the good will of the conservator to access a ward's estate to pay the caregiver's bill. We are not prepared to assume that, under any and all circumstances, litigation on the merits of this issue would result in a judgment in favor of a conservator.

The basic flaw in the defendant's position is his assumption that the mere existence of a viable defense to a complaint that has properly been lodged with the court deprives the court of subject matter jurisdiction. Put differently, in his view, a court of general jurisdiction has no authority finally to adjudicate actions for breach of contract if the defendant, in absentia, asserts that an unpleaded and unproven defense to the cause of action conferred absolute immunity on him.

That is not the law. Subject matter jurisdiction does not rest on the viability of the claims that a court is asked to adjudicate. "Subject matter jurisdiction involves the authority of a court to adjudicate the *type* of controversy presented by the action before it. . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. . . . Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action. . . . It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Citations omitted; emphasis added; internal quotation marks omitted.) *Amodio* v. *Amodio*, 247 Conn. 724, 727–28, 724 A.2d 1084 (1999).

The defendant misreads cases that say that, under some circumstances, a conservator "cannot be sued." Those cases do not authorize the conservator himself

to decide whether, under the circumstances of his own case, he has immunity from liability. They do not permit a conservator to preclude a plaintiff from challenging the merits of his assertion of immunity. Although our law sometimes affords some potential defendants the privilege of immunity from liability,[3] we know of no case that holds that the existence of such a privilege deprives a court of subject matter jurisdiction. Indeed, *Zanoni* v. *Hudon*, supra, 48 Conn. App. 32, on which the defendant relies, was not decided on jurisdictional grounds.[4] Once litigants are brought to court, they cannot themselves decide the validity of their own defenses.

The defendant cannot and does not argue that the Superior Court has no authority to hear and to decide cases concerning an alleged breach of contract.[5] At least since 1602, when an assembly of English judges decided *Slade's Case*, 4 Coke 92(b), 76 Eng. Rep. 1072, the common law has affirmed the authority of courts of general jurisdiction to provide a remedy for a claimant who has not been paid for goods delivered or services rendered. See T. F. T. Plucknett, A Concise History of the Common Law (5th Ed. 1956) pp. 645–46. Our Superior Court is a constitutional court of general jurisdiction. *State* v.

---

[3] For example, for reasons of public policy, the law provides immunity from liability for governmental agents and for participants in judicial and quasi-judicial proceedings. See, e.g., *Kelley* v. *Bonney*, 221 Conn. 549, 565–66, 606 A.2d 693 (1992); *Petyan* v. *Ellis*, 200 Conn. 243, 245–46, 510 A.2d 1337 (1986); *McHale* v. *W. B. S. Corp.*, 187 Conn. 444, 450, 446 A.2d 815 (1982).

[4] The court alluded to, but did not consider, an issue of subject matter jurisdiction. See *Zanoni* v. *Hudson*, supra, 48 Conn. App. 34.

[5] The defendant has never denied that he signed the admissions agreement for Muller in which he agreed to be the "responsible party" for Muller's care. Under paragraph II. (8) of the agreement, "[i]f the responsible party has control of or access to the resident's income and/or assets, the responsible party agrees that these funds shall be used for the resident's welfare, including but not limited to making prompt payment for care and services rendered with the terms of this agreement." Under General Statutes § 45a-655 (a), a conservator is required "to pay the ward's debts . . . ."

*Carey,* 222 Conn. 299, 305–306, 610 A.2d 1147 (1992), on appeal after remand, 228 Conn. 487, 636 A.2d 840 (1994). A conservator has no immunity from being sued for breach of contract. Cf. *Jewish Home for the Elderly of Fairfield County, Inc.* v. *Cantore,* 257 Conn. 531, 543–44, 778 A.2d 93 (2001) (liability under probate bond).

Because the defendant never filed responsive pleadings when the plaintiff filed its complaint, he forfeited his right to claim that, as conservator, he could not be held accountable for the services that the plaintiff had rendered to Muller. Under these circumstances, Judge Mulcahy properly rendered a default judgment in favor of the plaintiff. Because the default judgment was unimpeachable, Judge Stengel properly denied the defendant's motion to open the judgment.[6]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] The defendant claims that Judge Stengel's ruling improperly deprived the defendant of his right to procedural due process because his counsel was not fully informed of the date and place of the court's adjudication of the motion to reargue. Counsel therefore did not have an opportunity to present oral argument to the court on behalf of the defendant. There is, however, no statutory or constitutional right to present oral argument on a motion to open or to reargue. See Practice Book §§ 11-12 (c), 11-18 (a).