STATE OF CONNECTICUT *v.* AUSTIN H. JONES
(AC 26193)

Bishop, McLachlan and Gruendel, Js.

Argued October 14, 2005—officially released January 17, 2006

*Steven A. Tomeo*, for the appellant (defendant).

*Mitchell S. Brody*, senior assistant state's attorney, with whom, on the brief, were *Matthew C. Gedansky*, state's attorney, and *Keith J. Currier*, assistant state's attorney, for the appellee (state).

*Opinion*

McLACHLAN, J. The defendant, Austin H. Jones, appeals from the judgment of conviction, rendered after a court trial, of operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a (a). On appeal, the defendant claims that there was insufficient evidence to establish that he operated his motor vehicle while intoxicated. We conclude that there was and affirm the judgment of the trial court.

The evidence before the court was as follows. On May 21, 2003, at about 9:44 p.m., Officer Richard Tedford of the Vernon police department was on duty in his police cruiser near the corner of Franklin Street and Windsorville Road. Tedford testified and a summary of his testimony is as follows. While sitting in his cruiser, he

heard a loud crash. When he looked up, he determined that the defendant's automobile had struck a barrier that was in the middle of Windsorville Road.[1] Tedford then observed the defendant back the vehicle into the area of Franklin Street and proceed east on Windsorville Road. Tedford decided to investigate and followed the defendant for approximately thirty seconds for a distance of between 200 and 300 yards. Tedford sounded his vehicle's air horn, at which point he observed the defendant drive his car from the eastbound travel portion of Windsorville Road into the westbound travel portion of Windsorville Road. When Tedford next sounded his vehicle's police siren, the defendant drove back into the eastbound side, moved to the far right and drove onto the curb so that his right front tires and rear tires were on the curb. Once stopped, the defendant got out of his car without being asked to do so. The defendant and Tedford engaged in a conversation. Tedford noticed a strong odor of alcohol coming from the defendant. He also observed that the defendant had bloodshot eyes and was slurring his speech. In addition, it appeared that the defendant had urinated on himself because there was a stain on the front of his pants. Tedford gave the defendant a field sobriety test, which included the horizontal gaze nystagmus test, the heel to toe walk and turn test and the finger to nose test.

The defendant was arrested and taken to the Vernon police station, where Officer John Divenere assisted Tedford. The defendant supplied information to the police to assist them in completing the A44 police form.[2]

---

[1] The defendant also testified that he saw and drove past a traffic control signal at the intersection. He claimed that he did not see the barriers on Windsorville Road until the last second and that despite using his vehicle's brakes, the vehicle still slid and hit the barrier.

[2] The A44 form is completed by the arresting officer when the operator of a vehicle refuses to submit to an alcohol test. Section E of the form provides: "Operator was informed of the following: You are requested to submit to a blood, breath, or urine test chosen by the police officer. You may refuse a blood test, in which case another test will be selected. If you elect to submit to the test, you will be required to take two tests of the

He was informed by the police of his rights, specifically, that he could refuse to submit to an alcohol test, but that the refusal could be used against him in court. The defendant refused the test.

On October 22, 2004, after a court trial, the court found the defendant guilty of operating a motor vehicle while under the influence of intoxicating liquor in violation of § 14-227a (a). The defendant pleaded guilty under the part B information, pursuant to the penalty and enhancement provisions of § 14-227a (g) (3), of also having been convicted of operating a motor vehicle while intoxicated on October 11, 1995, in Texas and on April 6, 1994, in Louisiana. On January 3, 2005, the court sentenced the defendant to three years of imprisonment, execution suspended after one year, and three years of probation with special conditions. The defendant also was fined $5000. This appeal followed.

The defendant claims that the record reflects insufficient evidence underlying his conviction of operating a motor vehicle while under the influence of intoxicating liquor. "The standard of review employed in a sufficiency of the evidence claim is well settled. [W]e apply a two part test. First, we construe the evidence in the light most favorable to sustaining the [decision]. Sec-

same type at least thirty (30) minutes apart. If you refuse to submit, the tests will not be given. Your refusal will result in the revocation of your operator's license for twenty-four (24) hours and the suspension of your operator's license for at least six (6) months. If you submit to the tests, and the results indicate that you have an elevated blood alcohol content, your operator's license will be revoked for twenty-four (24) hours and will be suspended for at least ninety (90) days. If you hold an operator's license from another state other than Connecticut, your driving privilege in Connecticut is subject to the same revocation and suspension penalties. The results of the tests or the fact of a refusal shall be admissible in evidence against you in a criminal prosecution for driving while impaired or under the influence of alcohol and/or drugs, and evidence of a refusal may be used against you in any criminal prosecution."

ond, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . This court cannot substitute its own judgment for that of the [fact finder] if there is sufficient evidence to support the [decision]." (Internal quotation marks omitted.) *State* v. *Elsey*, 81 Conn. App. 738, 743–44, 841 A.2d 714, cert. denied, 269 Conn. 901, 852 A.2d 733 (2004).

The defendant specifically claims that the court improperly (1) determined that there was justification to stop and detain him, (2) considered incidents that occurred after the stop and (3) considered his refusal to take a breath test where he was incorrectly advised of the law and the consequences. Although the defendant contends that the stop was improper and, consequently, that certain evidence should not have been considered by the court, the defendant never filed a motion to suppress such evidence.[3] Moreover, our Supreme Court in *State* v. *Carey*, 228 Conn. 487, 494, 636 A.2d 840 (1994), stated that an allegation of insufficient evidence must be assessed in terms of all the evidence heard by the fact finder, including evidence that may have been admitted improperly. Therefore, the evidence heard by the fact finder in this case, including any evidence that the defendant claims may have been admitted improperly, can be considered in making a determination on the sufficiency of the evidence. Here, all of the evidence submitted to the court was consistent with the court's finding that the defendant had been operating a motor vehicle while under the influence of intoxicating liquor.

---

[3] The defendant also did not seek review of that claim under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). If the defendant were trying to raise an independent suppression claim on appeal, he would have been obliged to invoke the guidelines of *Golding*, which govern appellate review of such unpreserved constitutional claims. See id.

Accordingly, the court had sufficient evidence to convict the defendant.

The judgment is affirmed.

In this opinion the other judges concurred.